IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

JACKIE KEETER,

GREGORY SOSA,

   Plaintiffs,

Vs.

CIVIL ACTION NO._____

7-21CV-01060

BOBBY LUMPKIN Director of
The Texas Department of Criminal
Justice Institutional Division.
      et. al.,

   Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

### Statement of the Case:

This is a civil rights action brought under 42 U.S.C. § 1983 by a state prisoners, whose being discriminated against because of their disabilities, and whose being denied the right to file grievances in order to exhaust adminstrative remedies, as mandated by the prison litigation reform act, (PLRA). The plaintiffs seeks a temporary and an emergency restraining order and a preliminary injunction to ensure that the Allred Unit Grievance Department, be order to stop impedeing the plaintiffs from filing grievances in order to file their 1983 civil lawsuit., as this is the only means under the (PLRA) to exhaust remedies as mandated by the (PLRA). Thus, order the Allred Grievance department staff to stop destroying the Plaintiffs grievances at once.

### Statement of Facts:

As stated in the declaration submitted with this motion, the plaintiffs are being denied the right to fair housing because they are transgenders, which fall under the American with Disability Act, (ADA). The plaintiffs

-1-

filed their grievances, in order to exhaust all mandated remedies as instructed by Congress under the enacted (PLRA), of 1995. Nonetheless, the grievance department staff, after returning the grievances back to plaintiffs at least two (2) times, with excuses as to what is wrong with the grievances, finally, just destroyed them, and want answer any questions as to where they went, or what the status is. The plaintiffs are being denied access to the courts, as to the actions of the Allred Grievance Department staff, unless the Federal District Court is willing to allow Allred Inmates to proceed with their 1983, civil litigation without first exhausting the administrative remedies, because the actions of the Allred Grievance Department want allow it.

## ARGUMENT
## POINT:1

### THE PLAINTIFFS ARE ENTITLED TO A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION

In determing whether a party is entitled to a temporary restraining order or a preliminary injunction, courts generally consider several factors: whether the party will suffer irreparable injury, the "balance of hardships" between the parties, the likelihood of success on the merits, and the public interest. Each of these factors favors the grant of this motion.

### A. The Plaintiffs is threatened with irreparable Harm:

The plaintiffs alleges that she has been denied access to the courts, do to them being denied the right to exhaust their administrative remedies as mandated by congress. This is a requirement of the Prison Litigation reform Act, (PLRA). See also **42 U.S.C. § 1997(e)(a).** This is basically the well known "exhaustion" requirement. A prisoner can not get very far in pursuing a federal action where the inmate has not exhausted his or her administrative remedies first. This simply an offender must appeal the issues as far as he or she can or is allowed to appeal, within the allotted time frame.

A prisoner under the (PLRA) is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or has been adjudicated for, violations of criminal law or the terms of parole, probation,

pretrial release." See **42 U.S.C. § 1997(e)(h); 28 U.S.C. § 1915(h); U.S.C. § 1915(A)(c).** Moreover, if an inmate/offender was released from prison for any reason, they are no longer eligible under the PLRA. The exception is anyone released on parole to a halfway house, or residential facility, and who is not free to leave, are still considered prisoners under the (PLRA), **Jackson-V-Johnson,** 475 F.3d at 265-67 (5th Cir.). Likewise, if the Offenders case was filed before he or she was released from prison, the (PLRA) still applies to them; **Williams-V-Henagan,** 595 F.3d 610, 618-19 (5th Cir. 2010). By being denied the right to pursue exhaustion or remedies, by filing grievances violates the 1st and 14th Amendment rights to the united States Constitution. Basically, this will create an Irreparable harm. Likewise, it has been said, as a matter of law, the continuing deprivation of constitutional rights constitutes irreparable harm. See **Elrod-V-Burns,** 427 U.S. 347, 373, 96 S.CT. 2673 (1976); **American Trucking Association, Inc.,-V-City of Los Angeles,** 559 F.3d 1046, 1058-59 (9th Cir. 2009). This principle has been applied in prison litigation generally, See **Jolly-V-Coughlin,** 76 F.3d 463, 482 (2nd Cir. 1996); **Newsom-V-Norris,** 888 F.2d 371, 378 (6th Cir. 1989); **Mitchell-V-Cuomo,** 748 F.2d 804, 806 (2nd Cir. 1984); **McClendon-V-City of Albuquerque,** 272 F.Supp.2d 1250, 1259 (D.N.M. 2003). See also **O'Guinn-V-Lovelock Correctional Center,** 502 F.3d 1056, 1061 (9th Cir. 2007)(Because the (ADA) is a federal law, the plain language of the Prison Litigation Reform Act requires that prisoners bringing an action under the ADA that challenges prison conditions must first exhaust available administrative remedies, notwithstanding the absence of a federal adminsitartive exhaustion requirement in the ADA): and **Wright-V-Hollingsworth,** 260 F.3d 357, 358 (5th Cir. 2001)(A plaintiff is required to "purse the grievance remedy to conclusion," substantial compliance with adminstrative procedures is not enough. Failure to exhaust warrants dismissal without prejudice, which permits the litigant to refile if he exhausts or is otherwise no longered barred by the PLRA).In addition, the plaintiffs are threatened with irreparable harm, because he want he able to pursue his civil suit for a violation of the ADA, if he is not permitted to file his step-1 grievance, which is a part of having access to the courts, and exhaustion of administrative remedies as mandated by the (PLRA).

### B. The Balance of Hardships Favors the Plaintiffs:

In deciding whether to grant TRO's and preliminary injunctions, courts ask whether the suffering of the moving party if the motion is denied will outweigh the suffering of the non-moving party if the motions is granted. See e.g., **Mitchell-V-Cuomo,** 748 F.2d 304, 808 (2nd Cir. 1984)(holding that dangers posed by prison crowding outweighed state's financial and administrative concerns); **Duran-V-Anaya,** 642 F.Supp. 510, 527 (D.N.M. 1986)(holding that prisoners interest in safety and medical care outweighed state's interest in saving money by cutting staff).

In this case, the present hardship to the plaintiffs are apparent. If the plaintiffs file their class action lawsuit, regarding the aforementioned discrimination, without first having his grievances addressed, and attempt to explain to the court, that the grievance department refused to allow us to file our grievances, by destroying the ones we did file, it will deny us access to the courts with harm shown, because no doubt that the grievance department staff will deny that we even filed any grievances. There is little doubt as to who will be believed. See all attached delarations from inmates. The "sufferings" the defendants will experience if the court grants the order will consist of either addressing the already filed grievances if they can be found, or allowing the plaintiffs to file new grievances, and then address them properly-something that the defendants do, and are olbigated to do, for the members of the prison population on a daily basis. The defendants' hardship amounts to no more than business as usual.

### C. The Plaintiffs is Likely to Succeed on the Merits:

The plaintiffs has a great likelihood on the merits. What the defendants have done-"intentionally keeping Transgender people from moving into the dorms, because they have no showers for the transgenders, which would mean they would have to build handicap showers, because gender dysphoria, has been held to be a serious medical condition, which falls squarly under the American with Disability Act, (ADA). Therefore, because plaintiffs are disabled under the ADA they are being discriminated against. Because other inmates that are dorm eligible are allowed to live there. See **Armstrong-V-Wilson,** 124 F.3d 1019, 1023 (9th Cir. 1997)(A prison inmate states a colorable claim under both the ADA and RA if he alleges that he was "improperly excluded

-4-

from participation in, and denied the benefits of, a prison service, program, or activity on the basis of his physical handicap."); ; Rinehart-V-Weitzell, 964 F.3d 684 (8th Cir. 2020)(The plaintiffs stated an ADA violation where he was denied the benefit of the prison's system by reason of his disability. Diagnosed with diverticulitis, the plaintiff was forced to choose between moving to another unit., without a needed in-cell toilet, or be denied access to an elevated level of prison privileges. Because plaintiff needed access to an in-cell toilet, he could not move, deprived him of additional visitation and yard time, the ability to purchase certain canteen items and access to latenight activities. These privileges were available to other inmates, without a disability, capable of relocating to another living area). In this case, plaintiffs has what is known as gender dysphoria, which is known as a disability, and because of this disability, I am forced to live in housing, where we can only have 24 in the day-room at one time, we have to wait for an in-and-out to get a cup of coffee, and more privileges that we would have if we lived at the dorms. In April Plaintiff Keeter was moved to 18 BLDG, which is one of the dorms. The dorm offenders were afforded all of the missed privileges as shown above. And more. However, Ms. Keeter was not suppose to have been moved there. The administration missed that he was labled a Transgender offender. June 7, 2021; Ms. Keeter filed an Offender Protection Investigation (OPI), do to being sexually harrased at his job in the kitchen. So, she was locked up for 7 days. However, when Keeter talked to Major Murdock AND He informed Keeter that it was a mistake moving her to the dorms, because transgenders can't live in the dorms, because they have place for them to shower.

After the investigation was complete, on Ms. keeter's (OPI), she was ~~xxxxxx~~ taken back before the Unit Classification Committee, (UCC), and informed that she would be released back into population. They then brought her back, before the UCC committee, and asked her if she was still transgender? IF she would have said "NO." They were going to move her back to the dorms, but because she said yes. They then moved her back to the BLDG. Therefore, it is clear, that the plaintiffs will prevail on the merits, because they are being denied housing rights, because they are disabled with gender dysphoria.

## D. The Relief Sought Will Serve the Public Interest:

In this case, the grant of relief will serve the public interest because it is always in the public interest for prison officials to obey the laws, especially the Constitution. <u>Phelps-Roper-V-Nixon,</u> 545 F.3d 685, 690 (8th Cir. 2008); <u>Duran-V-Anaya,</u> 642 F.Supp. 510, 527 (D.N.M. 1936)("Respect for law, particularly by officials responsible for the administration of the States' correctional system, is in itself a matter of the highest public interest."); <u>Llewelyn-V-Oakland County Prosecutor's Office,</u> 402 F.Supp. 1379, 393 (E.D. Mich. 1975)(stating "the Constitution is the ultimate expression of the public interest.").

## POINT:2

### THE PLAINTIFF SHOULD NOT BE REQUIRED TO POST SECURITY

Usually a litigant who obtains interim injunctive relief is asked to post security. Rule 65(c), Fed.R.Civ.P. However, the plaintiffs is an indigent prisoner and is unable to post security. The court has discretion to excuse an impoverished litigant from posting security. <u>Elliott-V-Kiesewetter,</u> 98 F.3d 47, 60 (3rd Cir. 1996)(stating that district court have discretion to waive the bond requirement contained in Rule 65(c) of the Federal Rules of Civil Procedure if "the balance of the [] equities weighs overwhelmingly in favor of the party seeking the injunction"); <u>Moltan Co.-V-Eagle-Pitcher Industries, Inc.,</u> 55 F.3d 1171, 1176 (6th Cir. 1995). In view of the seriousness of the denial to exhaust administrative remedies, which would expose a serious ADA discrimination.

### CONCLUSION:

For the foregoing reasons, the court should grant the motion in its entirety.

/s/ Jackie Keeter, Pro Se.
TDCJ-ID #935295
Allred Unit
2101 FM 369 N.
Iowa Park, Texas 76367

Date 10/28/21

Jackie R. Keeter
TDCJ-ID #935295
Allred Unit
2101 FM 369 N.
Iowa Park, Texas 76367

October 27, 2021

Clerk United States District Court
1000 Lamar Street, 203
Wichita Fallas, Texas 76301



RECEIVED
NOV - 8 2021
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Re notifcation of filing

Dear Clerk,

Please find enclosed the original and one copy of ORDER TO SHOW CAUSE INMATE DECLARATION, TEMPORARY RESTARINING ORDER, AND REQUEST FOR PREMILINARY INJUNCTION. Also, find sepearte Declarations attached sepeartely, from the other. These declarations are to be presented to the Judge as well. This is evidence to support my motion.

Please file and present to the court. If there are any deficiencies, please notify me, so that I may correct them.

If you have any questions at all, I may be reached at the name and address as shown above.

Thank you for your assistance in this matter. Also, please note, this motion is being filed in an emergency situation....

Sincerely,

/s/ Jackie R. Keeter

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS WICHITA FALLS DIVISION

JACKIE KEETER,

GREGORY SOSA,

 Plaintiffs,

Vs.

CIVIL ACTION NO. _____

BOBBY LUMPKIN, Director of
The Texas Department of Criminal
Justice Institutional Division.
   et. al.,

 Defendants.

## ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER

  Upon the supporting declaration of the plaintiff and the accompanying memorandum of law it is ORDERED that defendants Bobby Lumpkin Director, and Jimmy Smith et. at., show cause in room of the United States Courthouse, located at 1000 Lamar St., Room 203, Wichita Falls, Tx 76301, on the _____ day of _____, 20____, at ____:____, and show why a preliminary injunction should not issue pursuant to Rule 65(a), Fed.R.Civ.P., enjoining the said defendants, their successors in office, agents and employees and all other persons acting in concern and participation with them, to provide a proper way to exhaust grievances without having the grievance department staff destroy them, by throwing them away.

  IT IS FURTHER ORDERED that effective immediately, and pending the hearing and determination of this matter, defendants Lumpkin and Smith shall arrange for the plaintiff to file and exhaust his adminstrative remedies as to being discriminated against.

  IT IS FURTHER ORDERED, that this order to show cause, and all papers attached to this application, shall be served on defendants Lumpkin and Smith by, _____, and the United States Marshall Service is hereby directed to effectuate such service.

_____     _____
United States District Judge           Date

-1-

SHEAR-Keever #2036915
Allred Unit
2101 FM 369 N.
Iowa Park, TX 76367



NOV 02 2021
NORTH TEXAS P&DC
DALLAS TX 750
TUE 02 NOV 2021 USPS

LEGAL MAIL

Office of Clerk
United States District Court
1000 Lamar Street, 203
Wichita Falls, Texas 76301



X-RAY

```
*   731 N4E 1     621C0111/05/21
NOTIFY SENDER OF NEW ADDRESS
:US DISTRICT CLERKS OFFICE
501 W. 10TH ST STE 310
FORT WORTH TX 76102-3641
```